IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN WANG, | ) |
| Plaintiff, | ) 2:20-cv-1952 |
| vs. | ) District Judge Marilyn J. Horan |
| UNIVERSITY OF PITTSBURGH, UNIVERSITY OF PITTSBURGH MEDICAL CENTER, UNIVERSITY OF PITTSBURGH PHYSICIANS, AMERICAN HEART ASSOCIATION INC., WILEY PERIODICALS, INC., SAMIR SABA, MARK GLADWIN, KATHRYN BERLACHER, MARC SIMON, and JOHN DOES 1-10, | ) |
| Defendants. | ) |

## ORDER OF THE COURT

AND NOW, on this 21st day of December 2021, upon consideration of Defendant American Heart Association Inc.'s (AHA) Motion to Dismiss Dr. Wang's Amended Complaint (ECF No. 46); Defendant Marc Simon's Motion to Dismiss Dr. Wang's Amended Complaint (ECF No. 48); Defendant Wiley Periodicals, Inc.'s Motion to Dismiss Dr. Wang's Amended Complaint (ECF No. 50); Defendants Kathryn Berlacher, Mark Gladwin, Samir Saba, University of Pittsburgh Medical Center (UPMC), and University of Pittsburgh Physicians' (UPP) Partial Motion to Dismiss Dr. Wang's Amended Complaint (ECF No. 52); Defendant University of Pittsburgh's Motion to Dismiss Dr. Wang's Amended Complaint (ECF No. 54); the corresponding Briefs in Support of said Motions to Dismiss (ECF Nos. 47, 49, 51, 53 & 55); Plaintiff Norman Wang's Omnibus Response in Opposition to said Motions to Dismiss (ECF No. 64); and Defendants' Reply Briefs in Support of said Motions to Dismiss (ECF Nos. 65, 67, 68, 69 & 70), it is hereby ORDERED as follows:

1

Defendant AHA's Motion to Dismiss (ECF No. 46) is GRANTED without leave to amend as regards to Dr. Wang's:

1. Count III Defamation claims and
2. Count IV Breach of Contract claims.

As such, AHA is DISMISSED from the case.

IT IS FURTHER ORDERED that Defendant Dr. Simon's Motion to Dismiss (ECF No. 48) is GRANTED with leave to amend as regard to Dr. Wang's:

1. Count III Defamation claim.

As such, absent amendment regarding Dr. Simon, Dr. Simon is DISMISSED from the case.

IT IS FURTHER ORDERED that Defendant Wiley Periodicals' Motion to Dismiss (ECF No. 50) is GRANTED without leave to amend as to Dr. Wang's:

1. Count III Defamation claims and
2. Count IV Breach of Contract claim.

As such, Wiley Periodicals is DISMISSED from the case.

IT IS FURTHER ORDERED that Defendant Dr. Berlacher's Partial Motion to Dismiss (ECF No. 52) is GRANTED with leave to amend as to Dr. Wang's:

1. Count III Defamation claim and
2. Count VIII Pennsylvania Whistleblower Law claim.

Dr. Wang's Count I Section 1983 First Amendment claim against Dr. Berlacher remains in the case.

IT IS FURTHER ORDERED that Defendant Dr. Gladwin's Partial Motion to Dismiss (ECF No. 52) is GRANTED with leave to amend as to Dr. Wang's:

1. Count VIII Pennsylvania Whistleblower Law claim.

Dr. Wang's Count I Section 1983 First Amendment claim against Dr. Gladwin remains in the case.

IT IS FURTHER ORDERED that Defendant Dr. Saba's Partial Motion to Dismiss (ECF No. 52) is GRANTED without leave to amend as to Dr. Wang's:

1. Count III Defamation claim for statements made in his August 6, 2020 email.

Defendant Dr. Saba's Partial Motion to Dismiss (ECF No. 52) is GRANTED with leave to amend as to Dr. Wang's:

1. Count III Defamation claim for statements made in his August 2, 2020 retweet and
2. Count VIII Pennsylvania Whistleblower Law claim.

Dr. Wang's Count I Section 1983 First Amendment claim against Dr. Saba remains in the case.

IT IS FURTHER ORDERED that Defendant UPMC's Partial Motion to Dismiss (ECF No. 52) is GRANTED without leave to amend as to Dr. Wang's:

1. Count I Section 1983 First Amendment claim and
2. Count III Defamation claim for Dr. Saba's statements in his August 6, 2020 email.

Defendant UPMC's Partial Motion to Dismiss (ECF No. 52) is GRANTED with leave to amend as to Dr. Wang's:

1. Count II Title VI Discrimination claim,
2. Count III Defamation claims (except the Count III Defamation claim for Dr. Saba's statements in his August 6, 2020 email),
3. Count VII Tortious Interference with Contract claim, and
4. Count VIII Pennsylvania Whistleblower Law claim.

Dr. Wang's Count II Section 1981 Retaliation claim and Count V Tortious Interference with Contract claim against UPMC remain in the case.

IT IS FURTHER ORDERED that Defendant UPP's Partial Motion to Dismiss (ECF No. 52) is GRANTED without leave to amend as to Dr. Wang's:

1. Count I Section 1983 First Amendment claim and
2. Count III Defamation claim for Dr. Saba's statements in his August 6, 2020 email.

Defendant UPP's Partial Motion to Dismiss (ECF No. 52) is GRANTED with leave to amend as to Dr. Wang's:

1. Count III Defamation claims (except the Count III Defamation claims for Dr. Saba's statements in his August 6, 2020 email),
2. Count VI Breach of Contract claim, and
3. Count VIII Pennsylvania Whistleblower Law claim.

Dr. Wang's Count V Tortious Interference with Contract claim against UPP remains in the case.

IT IS FURTHER ORDERED that Defendant University of Pittsburgh's Motion to Dismiss (ECF No. 54) is GRANTED without leave to amend as to Dr. Wang's:

1. Count V Tortious Interference with Contract claim.

Defendant University of Pittsburgh's Motion to Dismiss is GRANTED with leave to amend as to Dr. Wang's:

1. Count I Section 1983 First Amendment claim,
2. Count II Title VI Discrimination claim,
3. Count II Section 1981 Retaliation claim,
4. Count III Defamation claims,
5. Count VII Tortious Interference with Contract claim, and
6. Count VIII Pennsylvania Whistleblower Law claim.

As such, absent amendment regarding the University of Pittsburgh, the University of Pittsburgh is dismissed from the case.

IT IS FURTHER ORDERED that Dr. Wang may file a Second Amended Complaint by January 4, 2022. If Dr. Wang files a Second Amended Complaint, the necessary Defendants shall file their responsive pleading within 14 days of Dr. Wang's filing of a Second Amended Complaint, or by January 18, 2022, whichever occurs first.

Marilyn J. Horan
United States District Court Judge