IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN WANG,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PITTSBURGH, UNIVERSITY OF PITTSBURGH MEDICAL CENTER, UNIVERSITY OF PITTSBURGH PHYSICIANS, SAMIR SABA, MARK GLADWIN, and KATHRYN BERLACHER,<br><br>　　　　　　　Defendants. | Civil Action No: 2:20-cv-01952<br><br>Judge Marilyn J. Horan |

### DEFENDANT UNIVERSITY OF PITTSBURGH'S
### MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
### PURSUANT TO RULE 12(b)(6)

Defendant University of Pittsburgh ("the University") respectfully requests that, pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court dismiss Plaintiff's claim against the University in Plaintiff's Second Amended Complaint (Dkt. 78) for failure to state a claim for which relief can be granted. In support of this Motion, and as described in the contemporaneously filed Memorandum of Law, the University states as follows:

1. On January 11, 2022, Plaintiff filed his Second Amended Complaint ("SAC") against the University and multiple other Defendants. *See* Dkt. 78. In the SAC, Plaintiff alleges that the University violated his First Amendment rights pursuant to 42 U.S.C. § 1983 (Count I).

2. Plaintiff gave notice that he "intend[ed] to stand on the allegations in the First Amended Complaint" with respect to all other claims previously pled against the University. *See* Dkt. 79 at 1.

3. In accordance with paragraph 1(g) of the Court's Standing Order and Procedures on Civil Motion Practice, on January 21, 2022, counsel for the University contacted counsel for Plaintiff to discuss the pleading deficiencies in Plaintiff's Second Amended Complaint. Counsel for the University explained that it would move to dismiss the single amended claim, under 42 U.S.C. § 1983 (Count I), on the same grounds the Court dismissed the claim as pled in the First Amended Complaint, and that the University does not believe that the defects could be cured by further amendment. Plaintiff's counsel declined to dismiss the claim and did not indicate that Plaintiff would seek to replead the claim.

4. As set forth more fully in the University's Memorandum of Law in Support of the University's Motion to Dismiss the Second Amended Complaint, Plaintiff's claims against the University should be dismissed for failure to state a claim.

5. Plaintiff's Section 1983 claim against the University should be dismissed for two reasons. *First*, a municipal entity like the University cannot be held vicariously liable under 42 U.S.C. § 1983 for the independent acts of its employees, and Plaintiff does not allege that his constitutional rights were violated pursuant to any University policy or custom. *Second*, the retaliatory actions Plaintiff alleges were not undertaken on behalf of the University.

6. Plaintiff's claims against the University—which he has now had three opportunities to plead successfully—should be dismissed with prejudice in their entirety. Allowing Plaintiff another opportunity to amend would be futile. Plaintiff has shown that he cannot state a claim under 42 U.S.C. § 1983. Moreover, since Plaintiff declined to replead his other claims against the University, those claims are no longer in this case. Finally, providing Plaintiff another opportunity to amend would unfairly prejudice the University by imposing on it the costs of further unnecessary briefing.

WHEREFORE, the University respectfully requests that this Court enter the attached order dismissing with prejudice all of Plaintiff's claims against the University.

Dated: January 25, 2022

Respectfully submitted,

/s/ *Bruce M. Berman*
Bruce M. Berman (*pro hac vice*)
Leon T. Kenworthy (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
bruce.berman@wilmerhale.com
leon.kenworthy@wilmerhale.com

Jeremy D. Engle
MARCUS & SHAPIRA LLP
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 471-3490
Fax: (412) 391-8758
engle@marcus-shapira.com

*Counsel for Defendant University of Pittsburgh*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN WANG,<br><br>      Plaintiff,<br><br> v.<br><br>UNIVERSITY OF PITTSBURGH, UNIVERSITY OF PITTSBURGH MEDICAL CENTER, UNIVERSITY OF PITTSBURGH PHYSICIANS, SAMIR SABA, MARK GLADWIN, and KATHRYN BERLACHER,<br><br>      Defendants. | Civil Action No: 2:20-cv-01952<br><br>Judge Marilyn J. Horan |

## **CERTIFICATE OF CONFERRAL**

Pursuant to paragraph 1(g) of this Court's Standing Order and Procedures on Civil Motion Practice, the undersigned counsel certifies that:

  1.  On January 11, 2022, Plaintiff filed the Second Amended Complaint. *See* Dkt. 78.

  2.  On January 21, 2022, undersigned counsel conferred with counsel for Plaintiff to identify pleading deficiencies in Plaintiff's Second Amended Complaint. Counsel for the University explained that it would move to dismiss the single amended claim, under 42 U.S.C. § 1983 (Count I), on the same grounds the Court dismissed the claim as pleaded in the First Amended Complaint, and that the University does not believe that the defects could be cured by further amendment. Plaintiff's counsel declined to dismiss the claim and did not indicate that Plaintiff would seek to replead the claim.

| | |
|---|---|
| Dated: January 25, 2022 | Respectfully submitted,<br><br>/s/ *Bruce M. Berman*<br>Bruce M. Berman (*pro hac vice*)<br>Leon T. Kenworthy (*pro hac vice*)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>1875 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 663-6000<br>Fax: (202) 663-6363<br>bruce.berman@wilmerhale.com<br>leon.kenworthy@wilmerhale.com<br><br>Jeremy D. Engle<br>MARCUS & SHAPIRA LLP<br>One Oxford Centre, 35th Floor<br>301 Grant Street<br>Pittsburgh, PA 15219<br>Telephone: (412) 471-3490<br>Fax: (412) 391-8758<br>engle@marcus-shapira.com<br><br>*Counsel for Defendant University of Pittsburgh* |