IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN WANG,<br><br>        Plaintiff,<br><br>  v.<br><br>UNIVERSITY OF PITTSBURGH MEDICAL CENTER, SAMIR SABA, MARK GLADWIN, and KATHRYN BERLACHER,<br><br>        Defendants. | Civil Action No. 2:20-cv-01952<br><br>Judge Marilyn J. Horan |

**STIPULATED PROTECTIVE ORDER FOR
THE PROTECTION OF CONFIDENTIAL INFORMATION**

Plaintiff Norman Wang and Defendants University of Pittsburgh Medical Center ("UPMC"), Samir Saba, M.D., Mark Gladwin, M.D., and Kathryn Berlacher, M.D. (collectively, "Defendants") hereby enter into, and submit for the Court's approval, this Stipulated Protective Order ("Order") for the protection of Confidential Information during the course of this litigation, under Fed. R. Civ. P. 26(c), and state as follows:

1. The following information which is provided or produced in response to interrogatories, requests for production of documents, or requests for admission, or used in depositions shall be deemed "Confidential Information" for purposes of this Stipulated Protective Order only:

  a. All trade secrets, financial records, private contractual agreements, business records, client information, or other proprietary and/or confidential information of UPMC or any of its parents, subsidiaries, or affiliated entities;

    b. All tax, financial, healthcare, or personally identifiable information of a sensitive nature of Plaintiff, Saba, Gladwin, or Berlacher, or any other current or former employee of UPMC or any of its parents, subsidiaries, or affiliated entities.

  2. A party producing Confidential Information shall designate it as such by affixing a stamp reading "CONFIDENTIAL" to each page of the document, or through some similar designation. It is understood and agreed by the Parties that unnecessary CONFIDENTIAL designations are cumbersome for the Parties and the Court to manage, and that the Parties will therefore make such designations on a document-by-document basis.

  3. The fact that a party to this litigation may designate information as CONFIDENTIAL does not mean that the information is "confidential information" as that term is defined by applicable law.

  4. Confidential Information shall be used solely for the purpose of conducting this litigation in good faith and not for any business, personal, or other purpose whatsoever. Confidential Information may be disclosed to the following persons only:

    a. Plaintiff or Defendants;

    b. Attorneys of record for all parties in the case, and their associated lawyers, legal assistants, and secretarial and clerical employees who are actually engaged in assisting them in this litigation; and

    c. Any deponent, fact or expert witness, or consultant to whom, in the judgment of an attorney of record, disclosure of such material is required in order to assist such attorney in the preparation or the conduct of this litigation, but only upon written agreement by that individual to adhere to the terms of this Protective Order. All portions of transcripts of depositions in which material designated confidential pursuant to this Order has been disclosed shall be treated as

confidential for ten (10) business days after receipt, during which time confidential portions, if any, may be designated by either party.

5. Confidential Information shall be stored and maintained in such a manner that only the parties, their attorneys of record, their associated lawyers, legal assistants, secretarial and clerical personnel, expert witnesses, and consultants who are engaged in assisting them in this litigation may have access to it.

6. If any party intends to include Confidential Information in any papers filed with the Court, the party intending to disclose the Confidential Information will advise the party who designated the information of that fact as soon as is practicable. The parties shall meet and confer about whether the information can be filed, discussing such alternatives as redaction or whether the information indeed must be filed under seal, or whether it can be filed as any other information is filed with the court. In the event that the parties are unable to reach an agreement on how to treat the information, then the party who has designated the information confidential shall immediately seek an order of Court allowing said Confidential Information to be filed under seal pursuant to the Local Civil Rule 5.2(H). Pending the filing of a motion for an order allowing the information to be filed under seal, the party intending to file the information shall delay the filing, so that the court may enter an appropriate order. In the event the party who has designated the information confidential does not present a motion within three business days of the impasse, the party shall be deemed to have waived the claim that the information is confidential and that information may be filed as any other matter is filed, to-wit, on the court's public ECF docket. Anything filed on the court's public ECF docket in accordance with the terms of this Order will no longer be considered Confidential Information and will no longer be subject to the terms of this Order.

7. Materials designated as Confidential Information may be used in open court and admitted into evidence without limit, unless a party first secures an order which otherwise limits the use of such documents.

8. Each party (including their attorneys) receiving Confidential Information agrees to retain Confidential Information for the duration of the matter only and further agrees that any Confidential Information will not be distributed or used as evidence in any other matter, except with leave of this Court for good cause shown or with the consent of the party that designated the information as Confidential. All Confidential Information produced in the action shall be destroyed by the receiving party within 60 days of the conclusion of this action. Any unrepresented party receiving Confidential Information shall assemble and return to the party originally furnishing such information all documents containing Confidential Information. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

9. All persons governed by this Protective Order (including those who agree to its terms as described in Paragraph 4(c)) are subject to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Protective Order, or for any action for contempt for violation of the terms of this Protective Order.

10. This Agreement and Order shall survive the termination of the action and shall continue in full force and effect thereafter. This Agreement and Order may be modified or amended by agreement of the parties or by order of the Court for good cause shown.

<table>
<tr><td>

*/s/ J. Robert Renner*
Shawn M. Rodgers (Pa. I.D. No. 307598)
srodgers@goldsteinlp.com

**Goldstein Law Partners, LLC**
11 Church Road
Hatfield, PA 19440
(610) 949-0444

Michael Rosman (*pro hac vice*)
rosman@cir-usa.org
John Robert Renner (*pro hac vice*)
renner@cir-usa.org
Michelle Ann Scott (*pro hac vice*)
scott@cir-usa.org
**Center for Individual Rights**
1100 Connecticut Ave., N.W., Suite 625
Washington, D.C. 20036
Telephone: (202) 833-8400
Facsimile: (202) 833-8410

*Counsel for Plaintiff*
*Norman Wang*

</td><td>

Respectfully submitted,

*/s/ Taylor N. Brailey*
Terrence H. Murphy (Pa. I.D. No. 36356)
tmurphy@littler.com
Theodore A. Schroeder (Pa. I.D. No. 80559)
tschroeder@littler.com
Emilie R. Hammerstein (Pa. I.D. No. 307499)
ehammerstein@littler.com
Taylor N. Brailey (Pa. I.D. No. 324308)
tbrailey@littler.com

**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: (412) 201-7621/7624/7631/7657
Facsimile: (412) 291-3373

*Counsel for Defendants*
*University of Pittsburgh Medical Center,*
*Samir Saba, Mark Gladwin, and*
*Kathryn Berlacher*

</td></tr>
</table>

Dated: November 3, 2022

IT IS SO ORDERED, this __4th__ day of __November__, 2022.

_____
MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE

5