IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NORMAN WANG, | : | Civil Action No. 2:20-cv-01952 |
| Plaintiff, | : | |
| v. | : | Judge Marilyn J. Horan |
| UNIVERSITY OF PITTSBURGH, UNIVERSITY OF PITTSBURGH MEDICAL CENTER, SAMIR SABA, MARK GLADWIN, and KATHRYN BERLACHER, | : : : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

A motion for leave to file an amended pleading is governed by Fed. R. Civ. P. 15(a)(2), which conditions amendment on the opposing party's written consent or the court's leave, while specifying that "[t]he court should freely give leave when justice so requires."  The general policy expressed in this rule is that cases are better resolved on their merits.  *EEOC v. FedEx Ground Package Sys.*, 2018 U.S. Dist. LEXIS 155253, at *14 (W. D. Pa. Sept. 12, 2018).  The standard for granting leave to amend has been summarized by the Third Circuit:

> In determining whether leave to amend might reasonably be denied, courts are guided by the *Foman* factors, named for the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility.  The *Foman* factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice

1

> denying leave to amend would cause to the plaintiff. All factors are not created equal, however, as "prejudice to the non-moving party is the touchstone for the denial of an amendment."

*Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017) (footnotes omitted). Although a decision on whether to permit amendment generally falls within the court's discretion, that discretion must be exercised within the context of liberal pleading rules. *Id.* at 150. This is particularly true in the context of civil rights cases, where there is a presumption in favor of allowing amendment. *Id.* at 151; *see also id.* at 152 ("This, by contrast, is a civil rights case, with the attendant requirement in our case law that an opportunity to amend must be presumed."); *id.* at 158 (recognizing "this Circuit's default presumption in favor of amendment in civil rights cases"). Regardless of the type of case, the burden is always on the party opposing the amendment. *Hennix v. Belfor USA Grp., Inc.*, 2022 U.S. Dist. LEXIS 152768, at *9 (E.D. Pa. Aug. 25, 2022); *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010). Leave to amend must be granted unless equitable circumstances render it unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

Here, leave to amend is timely under the Case Management Order. (ECF No. 129.) Plaintiff had to obtain a right-to-sue letter as a prerequisite to filing a Title VII claim. He sought such a letter on January 19, 2023, when only a modest amount of discovery had taken place in this action, and first received one from the U.S. Department of Justice on March 17, 2023. (Declaration of J. Robert Renner ("Renner Dec."), ¶¶ 8-9, Exs. G, H.)[1] Moreover, in the limited amount of discovery that has taken place so far, Plaintiff has learned new facts that bear on the claims he is asserting.

---

[1] Under Third Circuit precedent, Plaintiff was entitled to the letter upon his request. *McNasby v. Crown Cork & Seal Co.*, 888 F.2d 270, 274 n.3 (3d Cir. 1989). There was no explanation for the two-month delay in its issuance. (Renner Dec. ¶ 9.)

The proposed Fourth Amended Complaint adds a new (third) claim for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 955(d).  The Title VII claim required that Plaintiff first exhaust administrative remedies.  Since the Title VII claim arises out of the same subject matter as the other two claims already pled, it should be addressed in the same action.  *See Churchill v. Star Enters.*, 183 F.3d 184, 191 (3d Cir. 1999).[2]

In addition, the proposed Fourth Amended Complaint updates Plaintiff's factual allegations based on what he has learned in discovery.  For example, the Fourth Amended Complaint adds new allegations that:

- The University of Pittsburgh ("Pitt") and UPMC are linked together by numerous formal affiliation agreements, and the University of Pittsburgh School of Medicine ("UPSOM") and UPMC function as a single integrated academic health center.  (Fourth Amended Complaint ("FAC"), ¶ 7.)  In this regard, Plaintiff has received partial access to the Pitt-UPMC affiliation agreements in discovery, although disputes about the extent of the access that will be provided are ongoing.  (Renner Dec., ¶¶ 10-11, Ex. I.)

- When certain faculty physicians and executives employed by Defendants Pitt, UPP, and UPMC learned about the existence of Plaintiff's article, Defendants Pitt, UPP, and UPMC resolved and agreed to impose adverse consequences on Plaintiff with respect to his employment at Pitt and UPP as a result of the contents

---

[2] Plaintiff filed a new lawsuit to preserve his right to assert the Title VII claim (*Wang v. University of Pittsburgh, et al.*, Case No. 2:23-cv-00563-MJH, filed April 4, 2023), but pursuing the claim in the current litigation would be more consistent with judicial economy.  Once the proposed Fourth Amended Complaint has been properly filed in this action, the separate Title VII action can be stayed or dismissed without prejudice.

and ideas in his article. (FAC, ¶ 21.) In this regard, Plaintiff has obtained access to numerous emails that were stored on UPMC's servers; these emails provide new insight (for Plaintiff) into the circumstances surrounding the retaliation that was imposed on him. (Renner Dec., ¶ 12.) This allegation is based on the emails that have been produced. (*See, e.g.*, Renner Dec., ¶ 13, Ex. J.)

- The adverse actions taken against Plaintiff received express authorization and approval from Dean Anantha Shekhar of UPSOM. (FAC, ¶ 35.) This allegation is based on the emails that have been produced. (*See, e.g.*, Renner Dec., ¶ 13, Ex. J.)

- A number of employees and agents of Pitt, UPP, and UPMC (including but not limited to Dean Shekhar of UPSOM), acting on behalf of Pitt, UPP, and UPMC, began a campaign of attack against Plaintiff's article, directing their statements to the publisher of the article and calling upon the publisher to retract the article. (FAC, ¶ 48.) This allegation is based on the emails that have been produced. (*See, e.g.*, Renner Dec., ¶ 14, Ex. K.)

- An overlapping group of employees and agents of Pitt, UPP, and UPMC, acting on behalf of Pitt, UPP, and UPMC, organized a campaign to denigrate Plaintiff and his article on Twitter, using Pitt's official @PittCardiology Twitter account. (FAC, ¶ 49.) This allegation is based on the emails that have been produced. (*See, e.g.*, Renner Dec., ¶ 15, Ex. L.)

No current or proposed defendant will suffer prejudice as a consequence of the proposed amended complaint. The fact discovery deadline is not until September 15, 2023 (ECF No. 129), and the scope of discovery should not be impacted significantly by the proposed amendments.

Plaintiff, for his part, does not intend to take any additional discovery as a consequence of the proposed amendments that he would not take (or has not already taken) without the proposed amendments. In this regard, Plaintiff has already obtained documents – or is in the process of obtaining documents – from Pitt by means of a subpoena issued on October 6, 2022. The scope of that subpoena has been the subject of extensive negotiations between Plaintiff and Pitt. (Renner Dec., ¶ 16.)

The new claim is directed against UPMC, a current defendant, and against Pitt and University of Pittsburgh Physicians ("UPP"), two defendants against whom claims were previously dismissed. (*See* ECF Nos. 71, 72, 79, 102, 103.) Only Pitt contests the proposed amendment. It appears that Pitt intends to argue, *inter alia*, that it is protected by res judicata, and therefore that the proposed amendment is futile.

Res judicata does not apply, however, because there has been no final judgment entered in favor of Pitt. *Churchill*, 183 F.3d at 194; *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173-75 (3d Cir. 2009). Pitt never sought to have the claims against it reduced to a final judgement under Fed. R. Civ. P. 54(b). *See Calhoun v. Murray*, 507 Fed. Appx. 251, 257 (3d Cir. 2012); *Clausen Co. v. Dynatron/Bondo Corp.*, 889 F.2d 459, 466 (3d Cir. 1989). It may be that Pitt actually intends to argue based on law of the case. The law of the case doctrine holds that a rule of law announced in a case should continue to govern the same issues in subsequent stages of the same case. *Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 836 (3d Cir. 2022); *Speeney v. Rutgers*, 369 Fed. Appx. 357, 359 (3d Cir. 2010). Law of the case is a discretionary rule, and does not limit the tribunal's power. *Saint-Jean*, 49 F.4th at 836. The law of the case doctrine does not apply where new evidence is available. *Prime Energy & Chem., LLC v. Tucker Arensberg, P.C.*, 2019 U.S. Dist. LEXIS 135203, at *21 (W.D. Pa. August 12,

2019). And the application of the doctrine presupposes that a specific issue of law has actually been decided. *Id.* at *22; *Waterfront Renaissance Assocs. v. City of Phila.*, 701 F. Supp. 2d 633, 639-40 (E.D. Pa. 2010).

Here, the Title VII claim is new and has not previously been addressed by the Court. To the extent that the Title VII claim might be viewed as similar to the 42 U.S.C. § 1981 claim, it should not matter. The Court dismissed the section 1981 claim against Pitt based on the specific factual allegations that were then before the Court in the context of Plaintiff's First Amended Complaint. (*See* ECF No. 71, at pp. 20-22 – the ruling). The Court did not rule on any specific issue of law that could constitute law of the case.

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that permission be granted to file the proposed Fourth Amended Complaint.

Respectfully submitted,

*/s/ J. Robert Renner*
Michael E. Rosman (admitted *pro hac vice*)
rosman@cir-usa.org
J. Robert Renner (admitted *pro hac vice*)
renner@cir-usa.org
Michelle A. Scott (admitted *pro hac vice*)
scott@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

Shawn Rodgers (PA 307598)
srodgers@goldsteinlp.com
GOLDSTEIN LAW PARTNERS, LLC
11 Church Road
Hatfield, PA 91440
(610) 949-0444

*Counsel for Plaintiff Norman Wang*

Dated: May 9, 2023