IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN WANG,<br><br>               Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PITTSBURGH, UNIVERSITY OF PITTSBURGH MEDICAL CENTER, UNIVERSITY OF PITTSBURGH PHYSICIANS, SAMIR SABA, MARK GLADWIN, and KATHRYN BERLACHER,<br><br>               Defendants. | Civil Action No: 2:20-cv-01952<br><br>Judge Marilyn J. Horan |

**NONPARTY UNIVERSITY OF PITTSBURGH'S
<u>CROSS-MOTION FOR ENTRY OF JUDGMENT</u>**

The University of Pittsburgh (the "University") respectfully requests that, pursuant to Federal Rule of Civil Procedure 54(b), the Court enter final judgment as to the University. In support of this motion, and as described in the contemporaneously filed Memorandum of Law, the University states as follows:

1. On July 1, 2022, the University moved to dismiss the sole count asserted against the University in the Third Amended Complaint ("TAC"). *See* Dkt. 95. The Court granted the University's motion and denied Plaintiff leave to amend. *See* Dkt. 102. The Court entered a separate order dismissing the University from the case. *See* Dkt. 103.

2. On April 4, 2023, Plaintiff filed a new action asserting a single count for violation of Title VII, 42 U.S.C. § 2000e-3(a), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 955(d), stemming from identical alleged factual circumstances as this action.

*See* Compl., *Wang v. University of Pittsburgh*, Case No. 2:23-cv-00563 (W.D. Pa.) ("*Wang II*"). The University plans to file a motion to dismiss on the basis of *res judicata* in that action.

3. On May 9, 2023, Plaintiff moved for leave to file a Fourth Amended Complaint in this action, which, if granted, would add the exact same claim that Plaintiff asserted in *Wang II* and would reinstate the University as a defendant in this action. *See* Dkt. 130. In his memorandum of law in support of that motion, Plaintiff argued that *res judicata* was inappropriate because the Court never entered judgment for the University. *See* Dkt. 130-1, at 5.

4. As set forth more fully in the University's accompanying memorandum of law, this Court should grant the University's cross-motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b), as it is within this Court's discretion to do so and the relevant considerations favor entry of judgment for the University now.

5. On May 17, 2023, undersigned counsel for the University emailed counsel for the Parties to explain that the University planned to move for entry of judgment as to the University when it responded in opposition to Plaintiff's motion for leave to file a Fourth Amended Complaint. Counsel for Defendants indicated that Defendants do not object to entry of judgment for the University. Counsel for Plaintiff indicated that Plaintiff was opposed to the motion.

WHEREFORE, the University respectfully requests that this Court enter the attached judgment with respect to the University.

Dated: May 22, 2023                     Respectfully submitted,

                                                                 */s/ Bruce M. Berman*
                                                                  Bruce M. Berman (*pro hac vice*)
                                                                  Leon T. Kenworthy (*pro hac vice*)
                                                                  WILMER CUTLER PICKERING
                                                                      HALE AND DORR LLP
                                                                 2100 Pennsylvania Avenue, N.W.

Washington, D.C. 20037
Telephone: (202) 663-6000
Fax: (202) 663-6363
bruce.berman@wilmerhale.com
leon.kenworthy@wilmerhale.com

Jeremy D. Engle
MARCUS & SHAPIRA LLP
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 471-3490
Fax: (412) 391-8758
engle@marcus-shapira.com

*Counsel for the University of Pittsburgh*