IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN WANG, | ) |
| | ) |
| Plaintiff, | ) 2:20-cv-1952 |
| | ) |
| vs. | ) District Judge Marilyn J. Horan |
| | ) |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER, SAMIR SABA, MARK GLADWIN, and KATHRYN BERLACHER, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Presently before the Court is nonparty University of Pittsburgh's Motion for Entry of Judgment. (ECF No. 136). The University of Pittsburgh was previously named as a Defendant in the case. After three Motions to Dismiss, this Court dismissed University of Pittsburgh from the case on August 31, 2022, and Plaintiff, Dr. Norman Wang, was not granted leave to amend his Third Amended Complaint regarding his § 1983 claim against the University of Pittsburgh. (ECF No. 103). Dr. Wang's claims against Defendants, University of Pittsburgh Medical Center, Samir Saba, Mark Gladwin, and Kathryn Berlacher, remained in the case and proceed to Discovery. (ECF No. 103).

The University of Pittsburgh's Motion for Entry arose after Dr. Wang filed a Motion for Leave to File an Amended Complaint on May 9, 2023. (ECF No. 130). In his Motion, Dr. Wang explains that he seeks to add Title VII and Pennsylvania Human Rights Act (PHRA) claims against the University of Pittsburgh, Defendant University of Pittsburgh Medical Center,

and the University of Pittsburgh Physicians (UPP),[1] based on additional information that he learned in Discovery. (ECF No. 130, at 1-2). UPMC has indicated on the record that it does not oppose Dr. Wang's filing of his Fourth Amended Complaint as to his new Title VII and PHRA claims against UPMC and UPP. (ECF No. 133). The University of Pittsburgh filed a Brief in Opposition to Dr. Wang's Motion to File an Amended Complaint, (ECF No. 137), and a Cross-Motion for Entry of Judgment, (ECF No. 136). Dr. Wang filed a Response to the University of Pittsburgh's Cross-Motion for Entry of Judgment, (ECF No. 143), and the University of Pittsburgh filed a Reply, (ECF No. 147). The University of Pittsburgh's Motion for Entry of Judgment has been fully briefed and is now ripe for decision. Based on the following reasons, University of Pittsburgh's Motion for Entry of Judgment is denied.

The University of Pittsburgh contends that this Court should enter judgment on the merits in its favor as to Dr. Wang's prior claims against the University of Pittsburgh. (ECF No. 137, at 18). The University of Pittsburgh claims that this Court has already entered judgment on the merits against Dr. Wang and for the University of Pittsburgh when it granted the University's April 9, 2021, January 25, 2022, and July 1, 2022 Motions to Dismiss. (ECF No. 137, at 18-20).

---

1 UPP was previously named as a Defendant in the case. Dr. Wang's First Amended Complaint contained a § 1983 First Amendment claim and Pennsylvania state-law defamation, breach of contract, and Pennsylvania Whistleblower Law claims against UPP. (ECF No. 43). This Court dismissed the First Amended Complaint's § 1983 First Amendment and Pennsylvania state law defamation claims regarding Dr. Saba's statement in his August 6, 2020 email without leave to amend on December 21, 2021. (ECF No. 72, at 4). This Court dismissed Dr. Wang's First Amended Complaint's remaining defamation claims, breach of contract claim, and Pennsylvania Whistleblower Law claim with leave to amend on December 21, 2021. (ECF No. 72, at 4). Dr. Wang filed a Second Amended Complaint on January 11, 2022, but he did not amend his defamation, breach of contract, or Pennsylvania Whistleblower Law claims against UPP. (ECF No. 78). Dr. Wang's Second Amended Complaint added a claim for tortious interference with contract against UPP, but said claims were dismissed by stipulation and agreement of the parties on January 25, 2022, effectively dismissing UPP from the case. (ECF No. 81).

Dr. Wang argues that the University of Pittsburgh is moving for an entry of judgment in order to strengthen its res judicata argument and prevent the addition of his new Title VII and PHRA claims against the University.  (ECF No. 143, at 16).

When there are multiple defendants, "the Court may direct entry of a final judgment as to" one of them if it "expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  This decision is within "the sound discretion of a district court."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).  In determining whether to grant a motion under 54(b), district courts consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).

Here, it would be inappropriate for the Court to enter judgment in favor of the University of Pittsburgh, as the Court only dismissed Dr. Wang's claims against the University of Pittsburgh because Dr. Wang's various allegations did not contain sufficient factual material to survive a Motion to Dismiss.  Although the Court eventually denied Dr. Wang leave to amend, the Court did not adjudicated any claims on their merits.  The parties had not conducted any Discovery as to Dr. Wang's claims against the University of Pittsburgh.  As such, entry of judgment against Dr. Wang and for the University of Pittsburgh is not available.  As such, the University of

Pittsburgh's Motion for Entry of Judgment will be denied.

DATE:   June 14, 2023

Marilyn J. Horan
United States District Judge