IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN WANG, | ) |
| Plaintiff, | ) 2:20-cv-1952 |
| vs. | ) District Judge Marilyn J. Horan |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER, SAMIR SABA, MARK GLADWIN, and KATHRYN BERLACHER, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Presently before the Court is Plaintiff, Dr. Norman Wang's, Motion for Leave to File Amended Complaint. (ECF No. 130). In his Motion, Dr. Wang seeks to add Title VII and Pennsylvania Human Rights Act (PHRA) claims against the University of Pittsburgh,[1] Defendant University of Pittsburgh Medical Center, and the University of Pittsburgh Physicians (UPP),[2] based on additional information that he learned in Discovery. (ECF No. 130, at 1-2).

---

1 The University of Pittsburgh was previously named as a Defendant in the case. Dr. Wang's First Amended Complaint contained a First Amendment § 1983 claim, Title VI discrimination claim, § 1981 retaliation claim and Pennsylvania state-law defamation, tortious interference with contract, and Pennsylvania Whistleblower Law claims against the University of Pittsburgh. (ECF No. 43). This Court dismissed Dr. Wang's Count V Tortious Interference with Contract claim without leave to amend on December 21, 2021. (ECF No. 72, at 4). This Court dismissed Dr. Wang's First Amended Complaint's remaining First Amendment § 1983, Title VI discrimination, § 1981 retaliation, defamation, tortious interference with contract and Pennsylvania Whistleblower Law claims with leave to amend on December 21, 2021. (ECF No. 72, at 4). Following two more Motions to Dismiss, this Court dismissed the University of Pittsburgh from the case on August 31, 2022, and Dr. Wang was not granted leave to amend his Third Amended Complaint regarding his First Amendment § 1983 claim against the University of Pittsburgh. (ECF No. 103).

2 UPP was previously named as a Defendant in the case. Dr. Wang's First Amended Complaint contained a First Amendment § 1983 claim and Pennsylvania state-law defamation, breach of contract, and Pennsylvania Whistleblower Law claims against UPP. (ECF No. 43). This Court

1

UPMC has indicated on the record that it does not oppose Dr. Wang's filing of his Fourth Amended Complaint as to his new Title VII and PHRA claims against UPMC and UPP. (ECF No. 133). The University of Pittsburgh opposes Dr. Wang's Motion. The University of Pittsburgh filed a Brief in Opposition to Dr. Wang's Motion to File an Amended Complaint, (ECF No. 137), and a Cross-Motion for Entry of Judgment, (ECF No. 136). Dr. Wang filed a Response, (ECF No. 143), and the University of Pittsburgh filed a Reply, (ECF No. 147). This Court denied the University of Pittsburgh's Cross-Motion for Entry of Judgment on June 14, 2023, (ECF No. 150), and Dr. Wang's Motion for Leave to File an Amended Complaint is now ripe for decision. Based on the following reasons, Dr. Wang's Motion for Leave to File Amended Complaint is granted.

    The University of Pittsburgh contends that this Court should deny Dr. Wang's Motion for Leave to File Amended Complaint. (ECF No. 137, at 10-11). The University of Pittsburgh claims that permitting amendment would reward Dr. Wang's undue delay, prejudice the University, and that the proposed Amended Complaint is barred by res judicata. (ECF No. 137). Dr. Wang argues that he has not engaged in undue delay, that amendment would not prejudice

---

dismissed the First Amended Complaint's First Amendment § 1983 and Pennsylvania state law defamation claims regarding Dr. Saba's statement in his August 6, 2020 email without leave to amend on December 21, 2021. (ECF No. 72, at 4). This Court dismissed Dr. Wang's First Amended Complaint's remaining defamation claims, breach of contract claim, and Pennsylvania Whistleblower Law claim with leave to amend on December 21, 2021. (ECF No. 72, at 4). Dr. Wang filed a Second Amended Complaint on January 11, 2022, but he did not amend his defamation, breach of contract, or Pennsylvania Whistleblower Law claims against UPP. (ECF No. 78). Dr. Wang's Second Amended Complaint added a claim for tortious interference with contract against UPP, but said claims were dismissed by stipulation and agreement of the parties on January 25, 2022, effectively dismissing UPP from the case. (ECF No. 81).

the University, and that res judicata does not apply because the Court has not yet made any decision on the merits of his claims against the University. (ECF No. 143).

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." However, the court may deny leave to amend "based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court may also consider judicial economy and the burden on the court in deciding whether to grant a party leave to amend. *Id.* at 150. Such considerations are not exhaustive; nor is this list to be weighed equally. *Id.* at 149-150. Instead, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Id.* at 150 (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)). Additionally, a decision to grant leave to amend falls under the district court's discretion. *Id.*

The University of Pittsburgh claims that Dr. Wang engaged in undue delay by waiting to seek leave to add his Title VII and PHRA claims until May 9, 2023. (ECF No. 137, at 11). Dr. Wang filed his Pennsylvania Human Right Commission (PHRC) charge on January 12, 2021. (ECF No. 137, at 11). On March 11, 2022, Dr. Wang was told by letter from the PHRC that it was continuing to process his complaint. (ECF No. 143, at 6). The PHRC also informed Dr. Wang at that time that, although he had a right to file a legal action under the Pennsylvania Human Relations Act (PHRA), if he did so, his administrative claim before the PHRC would be dismissed. (ECF No. 143, at 6). The parties attended Court ordered mediation on December 9, 2022, but the case did not resolve. (ECF No. 121). On January 19, 2023, Dr. Wang requested

3

his right to sue letter from the EEOC. (ECF No. 137, at 12). On March 17, 2023, Dr. Wang received his right to sue letter from the EEOC. (ECF No. 130, at 2). On May 9, 2023, Dr. Wang filed his Motion for Leave to File Amended Complaint to add his Title VII and PHRA discrimination claims against the University of Pittsburgh, UPMC, and UPP. (ECF No. 130).

Based on this timeline, the Court finds that Dr. Wang did not engage in undue delay in seeking to add his Title VII and PHRA claims against the University of Pittsburgh, UPMC, and UPP. It was reasonable for Dr. Wang to wait for the conclusion of the administrative process before seeking a right to sue letter for these additional claims. As Dr. Wang's new Title VII and PHRA claims fall within the statute of limitations and as Dr. Wang properly exhausted his administrative remedies regarding said claims, the Court finds that Dr. Wang did not engage in undue delay in seeking to add his new Title VII and PHRA claims against the University of Pittsburgh, UPMC, and UPP.

Next, the University of Pittsburgh contends that granting Dr. Wang's Motion for Leave to File an Amended Complaint would prejudice the University. (ECF No. 137, at 15). The University claims that it would prejudice the University to be added back into the case after Discovery and Mediation have already been conducted in the case. (ECF No. 137, at 15-16). Although Discovery and Mediation have already occurred regarding Dr. Wang's First Amendment § 1983 claims against Defendants Gladwin, Saba, and Berlacher plus Dr. Wang's § 1981 claim against UPMC, Discovery and Mediation have not occurred concerning any Title VII or PHRA discrimination claims against any Defendant. As such, Discovery and Mediation will still need to be completed as to Dr. Wang's Title VII and PHRA claims against the University of

4

Pittsburgh, UPMC, and UPP.  Thus, the addition of Dr. Wang's Title VII and PHRA claims will not prejudice the University of Pittsburgh.

Finally, the University of Pittsburgh contends that Dr. Wang's new Title VII and PHRA claims are barred by res judicata.  (ECF No. 137, at 17).  As was discussed more fully in this Court's June 14, 2023 Opinion and Order, (ECF No. 150), this Court did not enter any previous decision, concerning the University of Pittsburgh based upon the merits of Dr. Wang's complaint.  Although the Court denied Dr. Wang leave to amend his First Amendment § 1983 claim against the University of Pittsburgh, the Court did not adjudicate said claim on its merits.  As such, res judicata presents no bar to Dr. Wang's proposed Amended Complaint.

As such, the Court grants Dr. Wang's Motion for Leave to File an Amended Complaint.  Dr. Wang shall file his Amended Complaint by June 20, 2023.


DATE: June 14, 2023

Marilyn J. Horan
United States District Judge